IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No: 4:16-cv-20

| | | |
|---|---|---|
| RONALD LEONARD PIERCE, | ) | Civil Case No. 4:16-cv-20 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Complaint for Damages |
| ANNE M. GARMON, | ) | |
| ANGELA HATCHELL, WAYNE. | ) | |
| GOODWIN, ROBERT CUNNINGHAM, | ) | |
| ANGELA FORD, SHANE GUYANT, | ) | |
| JAMES AYERS, REBECCA SHIGLEY, | ) | |
| TERESA KNOWLES, ROBERT MACK, | ) | |
| And ROBERT LISSON, | ) | Jury Trial Requested |
| in their individual capacities, | ) | |
| Defendants. | ) | |

**PLAINTIFF'S COMPLAINT FOR DAMAGES UNDER 42 U.S.C. §1983**

John D. Mansfield, Esq.
Of Counsel, Polanco Law, P.C.
2840 Plaza Place, Suite 260
Raleigh, NC 27612
(919) 294-8032

Attorney for Plaintiff

1

## I. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States, the North Carolina Constitution, and other claims which arise out of state law. The Court has jurisdiction under 28 U.S.C. Section 1331, 1343 (a)(3), and 1367(a).

2. The Eastern District of North Carolina is an appropriate venue under 28 U.S.C. section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

## II. PLAINTIFF

3. Plaintiff Ronald Pierce, an individual, is, and was at all times mentioned herein, a resident of Charlotte, North Carolina.

## III. DEFENDANTS

4. Defendants, and each of them, at all times mentioned in this complaint, were officials employed by the North Carolina Department of Insurance, with its offices in Raleigh, North Carolina.

5. Each defendant is sued in his or her individual capacity. At all times mentioned in this complaint, each defendant acted under the color of state law.

## IV. FACTS

6. At all times relevant to this case, Plaintiff Pierce was the subject of a criminal investigation by Defendants, and each of them, under the ostensible authority of the North Carolina Department of Insurance.

7. Throughout the pendency of such criminal investigation, defendants, and each of them, investigated plaintiff for violating N.C.G.S. 58-33A-10, and 58-33-120 (acting or holding oneself out as a Public Adjuster, without proper license).

8. Said criminal investigation culminated in the arrest of plaintiff on June 21, 2014 for 108 counts of violating N.C.G.S. 14-100 (obtaining property by false pretenses), for allegedly improperly depositing insurance checks into plaintiff's business account.

9. All 108 counts against plaintiff were dismissed in April of 2015.

## V. EXHAUSTION OF LEGAL REMEDIES

10. Plaintiff Pierce is unaware of any legal or administrative remedies that could have been sought prior to filing this suit.

## VI. LEGAL CLAIMS

11. Plaintiff realleges and incorporates by reference paragraphs 1-10, as though fully set forth herein.

### FIRST CAUSE OF ACTION: FALSE ARREST

12. Defendants, and each of them, caused a false arrest to be effected upon and against plaintiff by having plaintiff arrested for violating NCGS 14-100 without probable cause.

13. Defendants, and each of them, presented no substantial evidence that plaintiff made a false representation to another.

14. Defendants, and each of them, presented no substantial evidence of any intent to cheat or defraud on plaintiff's part.

15. Defendants, and each of them, presented no substantial evidence that any alleged victim was in fact deceived by plaintiff.

16. Defendants' actions action violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, and caused plaintiff pain, suffering, financial loss, and emotional distress.

///

///

## SECOND CAUSE OF ACTION: FALSE IMPRISONMENT

17. Defendants, and each of them, by virtue of such false arrest, in turn, falsely imprisoned plaintiff by willfully and unlawfully confining him to a bounded area. without his consent and without probable cause.

18. Defendants' false imprisonment of plaintiff violated Plaintiff Pierce's rights under the Fourth and Fourteenth Amendments to the United States Constitution, causing plaintiff pain, suffering, physical injury and emotional distress.

## THIRD CAUSE OF ACTION: MALICIOUS PROSECUTION

19. Defendants, and each of them, furthermore, instituted criminal action against plaintiff for violation of N.C.G.S. §14-100, without probable cause.

20. Said criminal action was dismissed in favor of the plaintiff.

21. Upon information and belief, Defendants, and each of them, instituted criminal action with deliberate indifference as to plaintiff's guilt or innocence.

22. By Defendants' tortious and malicious prosecution of plaintiff, Defendants, and each of them, violated plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and have caused Plaintiff Pierce pain, suffering, physical injury and emotional distress.

## FOURTH CAUSE OF ACTION: RETALIATORY PROSECUTION

23. Plaintiff Pierce, on numerous occasions, sought redress of grievances through the North Carolina Department of Insurance, for alleged failures by the latter, to properly administer and uphold State law and policy, in the insurance industry.

24. Defendants, and each of them, unlawfully and without probable cause threatened Plaintiff Pierce with criminal prosecution and thereby threatened plaintiff with loss of livelihood, for exercise of his right to engage in lawful employment.

25. Defendants, and each of them, unlawfully and without probable cause threatened plaintiff with criminal prosecution, and instituted criminal prosecution, for seeking redress through the grievance system of the North Carolina Department of Insurance.

26. Defendants, and each of them, retaliated against Plaintiff Pierce unlawfully, and without probable cause, in violation of Plaintiff Pierce's rights under the First Amendment to the United States Constitution. These illegal actions have caused and are causing Plaintiff Pierce injury to his First Amendment rights.

## VII. DAMAGES

27. Plaintiff Pierce has an adequate remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court awards monetary damages in an amount which will reasonably compensate plaintiff for the physical injury, pain and suffering, and emotional distress.

## VIII. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this court enter judgment:

28. Granting plaintiff compensatory damages in an amount according to proof, against each defendant, jointly and severally.

29. Awarding plaintiff punitive damages in an appropriate amount, as allowed by law, for the willful, wanton, and reckless conduct of defendants. Plaintiff Pierce seeks these damages against each defendant, jointly and severally.

30. Plaintiff requests a jury trial on all issues triable by jury,

31. Plaintiff also seeks recovery of his costs in this suit, and

///

///

///

///

///

///

32. Any additional relief this court deems just, proper, and equitable.

Dated: February 26, 2016

Respectfully submitted,

_____/s/_____
John D. Mansfield, Esq.
Of Counsel, Polanco Law, P.C.
2840 Plaza Place, ste 260
Raleigh, NC 27612
(919) 294-8032
Fax: (888) 808-0206
[johnmansfieldlaw@gmail.com](johnmansfieldlaw@gmail.com)
State Bar No. 19476

Attorney for Plaintiff

VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct. Executed at Charlotte, North Carolina on 02/26/2016.

_____/s/_____
Ronald Leonard Pierce